UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PRIMIANO ELECTRIC CO.,                              ECF Case
                                                    08 CIV 4267 (GEL)(THK)
                        Plaintiff,
                v.                                  JURY TRIAL DEMANDED

JOHNSON CONTROLS, INC. and SAFECO
INSURANCE COMPANY OF AMERICA                        **COMPLAINT**

                        Defendants.
------------------------------------------------------------------------x

      Plaintiff, Primiano Electric Co. ("Primiano") complains of the defendants and shows the Court the following:

### JURISDICTION AND VENUE

      1.      This Court's jurisdiction is based on 28 U.S.C. 1332.  The matter in controversy herein exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

      2.      Venue lies in this District pursuant to 28 U.S.C. 1391(a) and (c).

### PARTIES

      3.      The plaintiff is a corporation organized and existing under the laws of the State of New York, having its offices and principal place of business at 599 11th Avenue, 6th Floor, County of New York, State of New York 10036.

      4.      Upon information and belief, defendant Johnson Controls, Inc. ("Johnson") is a corporation organized and existing under the laws of the State of Wisconsin, having its offices and principal place of business at 5757 North Green Bay Avenue, Milwaukee, State of Wisconsin 53209, and doing business in New York County, New York, where the events giving rise to the claims herein occurred.

      5.      Upon information and belief, defendant Safeco Insurance Company of America ("Safeco") is a corporation organized and existing under the laws of the State of Washington, having its principal offices and place of business at Safeco Plaza, Seattle, WA 98185, and

conducting business in New York County, New York, where the events giving rise to the claims herein occurred.

## FIRST COUNT

6.     On or about December 14, 2004 Primiano and defendant Johnson entered into an agreement (the "Contract") whereby Primiano agreed to perform certain electrical work in furtherance of the provision and installation of the Fire Alarm System ("FAS") at premises known as the OCME-DNA Laboratory Building at the Bellevue Hospital Campus (the "Project"), located in the City and County of New York, State of New York, for the agreed price of $885,000.00.

7.     Thereafter, Johnson caused Primiano to perform additional work beyond the scope of the Contract, of an agreed upon and fair and reasonable value of $288,601, thereby amending the base Contract price to $1,173,601.

8.     Primiano has duly performed all the conditions of the Contract, as amended, on its part to be performed.

9.     Defendant Johnson has failed and neglected to perform the conditions of the Contract on its part to be performed, in that it has failed to pay to Primiano any part of the sum of $1,173,601 due Primiano under the Contract, as amended, except for the sum of $1,035,791, leaving a balance due of $137,810, although Primiano has demanded payment thereof.

10.    By reason of the foregoing facts, Primiano has been damaged in the sum of $137,810, plus applicable interest.

11.    By reason of the foregoing defendant Johnson is liable to the Primiano in the aforesaid sum due and owing.

## SECOND COUNT

6-11.   Plaintiff Primian realleges and reaffirms Paragraphs 6 through 11, inclusive, of the First Count as paragraphs 6 through 11, inclusive, of this Second Count.

12.    Due to the actions and failures to act of Johnson, and through no fault of its own, Primiano's work was interrupted, delayed and disrupted, so that Primiano suffered a severe loss

of productivity and was forced to expend additional sums for labor and supervision, including escalation, and extended overhead, in the sum of $1,313,386.

13. Primiano has duly made demand for payment therefor to Johnson, but Johnson has failed and refused to pay Primiano.

14. By reason of the foregoing facts, plaintiff Primiano has been damaged in the sum of $1,313,386, plus its markup of $197,008, totaling $1,510,394, plus applicable interest.

15. By reason of the foregoing defendant Johnson is liable to plaintiff Primiano in the sum of $1,510,394, plus applicable interest, the aforesaid sum due and owing.

### THIRD COUNT

6-15. Plaintiff Primiano realleges and reaffirms Paragraphs 6 through 15, inclusive, of the First and Second Counts as paragraphs 6 through 15, inclusive, of this Third Count.

16. On or about August 13, 2003 defendant Johnson, as principal, and defendant Safeco, as surety, executed a labor and material payment bond #6233646 (the "Bond"), to guarantee payment for the labor and materials supplied to the project with respect to the completion of the contract between the defendant Johnson and the Dormitory Authority of the State of New York (DASNY), as obligee under the Bond. Plaintiff Primiano is one of the class of persons protected by the aforesaid Bond.

17. By the terms of the Bond defendant Johnson, as principal, and defendant Safeco, as surety, bound themselves jointly and severally to make prompt payment to Primiano for labor and materials supplied in the prosecution of the work on the Project and necessary for the completion of the contract between defendant Johnson and DASNY.

18. Over the period April2, 2005 through February 23, 2007 Primiano provided work, labor, services and materials for the Project for the benefit of Johnson, for the agreed upon price and fair and reasonable value of $2,245,624 and submitted invoices therefor.

19. To date Primiano has only received payment for such labor and materials from defendant Johnson in the sum of $1,035,791.

20. A principal balance of $1,209,833, plus applicable interest plus interest, is due and owing to plaintiff Primiano for the said labor and materials provided by Primiano to defendant Johnson in connection with the Project.

21. On April 10, 2008, by service of a copy of a certain Notice Under Mechanic's Lien Law For Account of Public Improvement dated April 10, 2008, Primiano gave notice and made demand, by certified mail, return receipt requested, for payment under the Bond.

22. All conditions precedent to Primiano being entitled to payment of the amount due and owing from defendants Johnson Safeco have been satisfied or performed by Primiano.

23. Primiano has made repeated demands upon defendant Johnson and has also made demand upon defendant Safeco for payment of the aforesaid amount due and owing to Primiano for the labor and materials supplied to Johnson for the Project, but defendants Johnson and Safeco have failed and refused to pay the said sum.

24. All conditions precedent to the bringing of this action against the defendants Johnson and Safeco have been satisfied or performed by Plaintiff Primiano.

25. As a result of the breach of contract for payment by defendant Johnson, defendants Johnson and Safeco are jointly and severally liable to the plaintiff in the sum of $1,209,833, plus applicable interest.

WHEREFORE, plaintiff Primiano Electric Co. demands:

(a) on plaintiff's first claim for relief, that plaintiff have judgment against defendant Johnson Controls, Inc. in the sum of $137,810, plus applicable interest;

(b) on plaintiff's second claim for relief, that plaintiff have judgment against defendant Johnson Controls, Inc. in the sum of $1,510,394, plus applicable interest;

(c) on plaintiff's third claim for relief, that plaintiff have judgment against defendants Johnson Controls, Inc. and Safeco Insurance Company of America, jointly and severally, in the sum of $1,209,833 plus applicable interest;

(d) that plaintiff have judgment against all defendants for the costs of this

action; and,

      (e)      that plaintiff have such other and further relief to which it may be entitled.

Dated: May 2, 2008

/S/

_____
GREGORY MASON  [GM9364]
Attorney for Plaintiff
220 Old Country Road
Mineola, New York 11501
(516) 746-5498